# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

JORGE M. GUZMAN,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF HOMELAND
　　SECURITY,
　　　　　Agency.

DOCKET NUMBER
SF-0752-15-0170-C-1

DATE: January 6, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>James P. Walsh</u>, Long Beach, California, for the appellant.

<u>Carolyn D. Jones</u>, Esquire, Williston, Vermont, for the agency.

<u>John B. Barkley</u>, Esquire, Phoenix, Arizona, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## ORDER

¶1　　The agency has filed a petition for review of the compliance initial decision, which found that the agency was not in compliance with the Board's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

final decision reversing the appellant's removal. For the reasons set forth below, we DENY the agency's petition for review and AFFIRM the compliance initial decision's finding that the agency is in noncompliance, AS MODIFIED to set forth additional precedent supporting the administrative judge's analysis. Because of the changed circumstances since the compliance initial decision was issued, we FURTHER MODIFY the compliance initial decision to clarify how the agency can meet its obligation to provide the appellant with status quo ante relief.

## BACKGROUND

¶2 The agency issued a decision removing the appellant from his Assistant Special Agent in Charge position, a law secondary enforcement officer (LEO) position under the Federal Employees' Retirement System (FERS). *Guzman v. Department of Homeland Security*, MSPB Docket No. SF-0752-15-170-I-1, Initial Appeal File (IAF), Tab 6 at 18, 20-24, Tab 52 at 92. The agency charged the appellant with lack of candor. IAF, Tab 10 at 268. The appellant retired in lieu of removal on November 21, 2014.[2] IAF, Tab 6 at 18.

¶3 On appeal, the appellant denied the misconduct and alleged, among other things, that the removal constituted retaliation for whistleblowing. IAF, Tabs 1, 24. The administrative judge properly found that the Board had jurisdiction over the removal action.[3] *Guzman v. Department of Homeland Security*, MSPB Docket No. SF-0752-15-0170-I-2, Appeal File (I-2 AF), Tab 39, Initial Decision (I-2 ID)

---

[2] There is no evidence that the agency rescinded the action removing the appellant from his position after the effective date of his retirement. *See Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1374 (Fed. Cir. 2019) (holding that an appeal in which a removal has been cancelled and its consequences eliminated does not implicate 5 U.S.C. § 7701(j), which prohibits the Board from taking an individual's retirement status into account in determining whether it has jurisdiction over a removal, because the case no longer involves a removal).

[3] When an employee decides to retire because his employing agency has issued a decision to remove him, and the employee retires on the date the removal was to become effective, the employee does not lose the right to file a Board appeal contesting the removal. *Scalese v. Department of the Air Force*, 68 M.S.P.R. 247, 249 (1995).

at 1-2, 4-5.[4]  She also found that the agency failed to prove its charge, I-2 ID at 14-27, and that the appellant proved his allegation of retaliation for whistleblowing, I-2 ID at 30-39.  She reversed the agency's action and ordered the agency to cancel the removal, to retroactively restore the appellant effective November 21, 2014, and to pay the appellant the appropriate amount of back pay, with interest, and benefits in accordance with the Office of Personnel Management's regulations.  I-2 ID at 39-40.  She informed the appellant of his right to file a petition for enforcement if the agency did not comply with her order.  I-2 ID at 40.  The initial decision became the final decision of the Board when neither party filed a petition for review.  5 C.F.R. § 1201.113.

¶4        In implementing the Board's order to reinstate the appellant, the agency issued a Standard Form 50 (SF-50) cancelling his voluntary retirement, effective November 21, 2014.  *Guzman v. Department of Homeland Security*, MSPB Docket No. SF-0752-15-0170-C-1, Compliance File (CF), Tab 6 at 31.  On the same date that the cancellation was effected, the agency issued a second SF-50 with an effective date of July 31, 2016, the end of the month in which the appellant reached his 57th birthday, mandatorily retiring him pursuant to 5 U.S.C. § 8425(b)(1).  *Id*. at 15, 32, 40.  The agency stated that the retirement action was required because the appellant was subject to the mandatory retirement provisions of section 8425(b)(1) that applied to LEOs.  *Id*. at 15.  Based on these actions, the agency calculated back pay and related compensation, leave, and benefits based on the period between November 21, 2014, and July 31, 2016.  *Id*.; CF, Tab 7 at 10-13.  Because of the allegedly mandatory separation, the agency did not restore the appellant to duty.  CF, Tab 6 at 15.

---

[4] The administrative judge dismissed the first-filed appeal without prejudice, finding that a dismissal without prejudice was appropriate to ensure the parties had ample time to prepare for hearing.  IAF, Tab 70.  The appeal was automatically refiled on August 1, 2015.  I-2 AF, Tab 1.

¶5      The appellant filed a petition for enforcement alleging that the agency had not complied with the Board's order because, notwithstanding the agency's assertion that the appellant's retirement was mandatory, his separation in July 2016 failed to comply with all of the provisions of section 8425(b)(1).  CF, Tab 1 at 6-9.  In particular, the appellant asserted that the agency failed to comply with the provisions of section 8425(b)(1) requiring the agency to notify the employee in writing of the date of separation at least 60 days before that date and stating that an action to separate the employee is not effective, without the consent of the employee, until the last day of the month in which the 60-day notice expires.  CF, Tab 14 at 5-6.

¶6      The administrative judge agreed with the appellant.  She found that, in order to subject the appellant to the statute's mandatory separation provision, the statute required the agency to give him 60 days' notice and not mandatorily separate him until the end of the notice period.  CF, Tab 21, Compliance Initial Decision (CID) at 7.  She ordered the agency to restore the appellant to duty and provide him the appropriate notice under 5 U.S.C. § 8425.  CID at 8.  She found that the appellant was entitled to back pay until the date of his restoration to duty, and to regular pay after that date until, at minimum, the end of the 60-day notice period.  *Id.*

¶7      In its petition for review, the agency asserts that the administrative judge erred in ordering it to restore the appellant to duty and provide him with a 60-day notice pursuant to 5 U.S.C. § 8425(b)(1).  Petition for Review (PFR) File, Tab 5.[5]

---

[5] The appellant responded to the petition.  PFR File, Tab 7.  The response is 58 pages long, consisting of 18 pages of facts and argument and 40 pages of exhibits.  *Id.* Accompanying the response is a motion to file an oversized pleading of 58 pages.  PFR File, Tab 8.  A response to a petition for review is limited to 30 pages or 7500 words, whichever is less, exclusive of any table of contents, table of authorities, attachments, and certificate of service.  5 C.F.R. § 1201.114(h).  Therefore, the appellant's motion is denied as unnecessary.  The appellant's exhibits are dated after the close of the record below.  PFR File, Tab 7 at 23-61; CF, Tabs 9, 16.  Even assuming that they were unavailable, despite the appellant's due diligence, when the record closed, they do not

**ANALYSIS**

<u>We agree with the administrative judge that the agency is not in compliance with the Board's order.</u>

¶8 Pursuant to 5 U.S.C. § 7701(j), an appellant who retires in the face of a final removal decision, and whose removal subsequently is invalidated, is entitled to the same relief as if he did not retire, i.e., status quo ante relief. *Paula v. Social Security Administration*, 119 M.S.P.R. 138, ¶ 14 (2013). Status quo ante relief requires placing the injured party, as near as possible, in the position he would have held had the wrong not been committed. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 n.3 (Fed. Cir. 1984). At issue here is the nature and extent of the status quo ante relief to which the appellant is entitled under section 8425(b)(1).

¶9 Section 8425(b)(1) provides for the mandatory separation of an LEO who is otherwise eligible for immediate retirement under FERS, such as the appellant, on the last day of the month in which that LEO becomes 57 years of age or completes 20 years of service if then over that age. The section also provides in relevant part:

> The employing office shall notify the employee in writing of the date of separation at least 60 days before that date. Action to separate the employee is not effective, without the consent of the employee, until the last day of the month in which the 60-day notice expires.

5 U.S.C. § 8425(b)(1). The agency contends that the administrative judge improperly interpreted the status quo ante relief to which the appellant is entitled under the quoted provision of section 8425(b)(1).

¶10 The Board has not issued any precedential decision regarding the interpretation of these sentences. Essentially identical sentences appear in another statutory provision, 5 U.S.C. § 8335(b)(1), which provides for the mandatory separation of an LEO who is otherwise eligible for retirement under

---

address the dispositive issue in this case, which is a question of statutory interpretation, and thus are not material to the outcome in this case. *See* 5 C.F.R. § 1201.115(d).

the Civil Service Retirement System on the last day of the month in which that LEO becomes 57 years of age. Section 8335(b)(1) similarly provides in relevant part:

> The employing office shall notify the employee in writing of the date of separation at least 60 days in advance thereof. Action to separate the employee is not effective, without the consent of the employee, until the last day of the month in which the 60-day notice expires.

5 U.S.C. § 8335(b)(1). Although section 8335(b) was first enacted as part of Pub. L. No. 93–350, 88 Stat. 355 (July 12, 1974), and section 8425 was enacted as part of Pub. L. No. 99-335, 100 Stat. 514, 540 (June 6, 1986), these sections providing for mandatory age-based separation may be given the same interpretation. *Eatmon v. Department of Energy*, 79 M.S.P.R. 96, ¶ 6 (1998), *vacated on other grounds by Eatmon v. Department of Energy*, 84 M.S.P.R. 496 (1999).

¶11 In *Lynch v. Nelson*, Civ. A. No. 87–0424, 1987 WL 8502 (D.D.C. Mar. 11, 1987), the United States District Court for the District of Columbia was called upon to interpret section 8335(b)(1). In that case, an LEO employed by the Immigration & Naturalization Service (INS) and separated, after the Board mitigated his removal, because he had reached 55 years of age,[6] contended that the INS never properly notified him of any separation, that he never consented to his separation, and that he was legally entitled to 60 days' written notice before his employment ended. *Lynch*, 1987 WL 8502, at *1.

¶12 The court briefly laid out the administrative history of the case. In January 1985, INS placed the plaintiff on enforced sick leave from his job as a Border Patrol Intelligence Agent. Four months later, INS removed him on various charges. The plaintiff thereupon filed an appeal with the Board of this removal and the prior enforced sick leave. A Board administrative judge mitigated the removal to a 30-day suspension. The decision was affirmed by the

---

[6] The statute was amended after the issuance of this decision to increase the mandatory retirement age for LEOs to age 57. *See Isabella v. Department of State*, 106 M.S.P.R. 333, ¶ 41 n.12 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).

Board in a Final Order that required the INS to cancel the enforced sick leave and the removal and to substitute therefor a 30-day suspension. *Lynch v. Department of Justice*, [32 M.S.P.R. 33](), 43 (1986).

¶13      The court explained that INS never complied with the Board's order, which the same administrative judge later decided implicitly included a requirement that the agency return the plaintiff to duty in his position of GS-11 Intelligence Agent. *Lynch*, 1987 WL 8502, at *1. Rather, INS notified the plaintiff that he had been separated from the agency effective May 31, 1986, the last day of the month of his 55th birthday, and that he would not be reinstated to his job. *Id*. When the plaintiff filed a petition for enforcement of the Board's order, INS sent him a telex informing him that in the event the retroactive notice to May 31, 1986, was ineffective, he would now be on notice that his retirement would take effect 60 days hence, on February 28, 1987. *Id*.

¶14      The plaintiff thereafter filed a civil action with the court, and on February 20, 1987, the court issued a temporary restraining order (subsequently extended through March 12, 1987), prohibiting INS from discharging the plaintiff. *Id*. While the temporary restraining order was in effect, the administrative judge issued his opinion on February 27, 1987, finding that INS would not be in compliance with the earlier Board order until it reinstated plaintiff to his job. *Id*. Thereafter, the INS did, in fact, reinstate the plaintiff to his job on March 5, 1987, but made it clear that he would once again be removed as soon as the court's temporary restraining order expired. The plaintiff then moved for a preliminary injunction. *Id*.

¶15      The court found that the sole question remaining was whether INS ever properly separated the plaintiff from his job. *Lynch*, 1987 WL 8502, at *2. The court found that section 8335(b)(1) "could not be more explicit" in its requirement that no law enforcement officer may be separated without 60 days' written advance notice. *Id*. It found, therefore, that INS's attempt on December 29, 1986, to notify the plaintiff of his removal 7 months previously did

not constitute a lawful notice because it was not given in advance of the separation with at least 60 days further service to follow. *Id*.

¶16 The court found that the February 27, 1987 notice was likewise legally ineffective. *Id*. When that notice was provided, the plaintiff was not, in fact, employed by INS because the agency had failed to reinstate him in compliance with the Board's order. *Id*. Thus, INS did not and obviously could not comply with the statute's requirement that it "notify the employee" at least 60 days before his retirement. *Id*. The court found that the 60-day notice to be provided an "employee" pursuant to section 8335(b)(1) has "substantive meaning and benefits" not discharged by a notice, such as that given by INS, that was both retroactive and prospective in its application. *Id*.

¶17 While the Board is not bound by the decision of the court in *Lynch*, the Board may look to it for guidance to the extent it finds the court's reasoning persuasive. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 23 n.6 (2016), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018); *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶¶ 13-16 (2008); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 11 n.2 (2006). Here, we find the court's reasoning persuasive. Moreover, it is particularly appropriate to follow the court's guidance in *Lynch* because it appears that the court was agreeing with the decision of the Board's administrative judge, with which the full Board implicitly agreed in a Final Order. *See Lynch v. Department of Justice*, MSPB Docket Nos. SE075285C0179, SE075285C0182, Order (Sept. 4, 1987).

¶18 Because the language of section 8335(b)(1) that was interpreted by the court is identical to the language of section 8425(b)(1), we find that the 60-day notice to be provided an employee pursuant to section 8425(b)(1) has substantive meaning and benefits and must be discharged according to the plain language of the statute. Thus, an agency with an employee subject to the provisions of section 8425(b)(1) must notify the "employee" in writing of the date of separation at least 60 days in advance thereof. Also, an action to separate the employee is

not effective, without the consent of the employee, until the last day of the month in which the 60-day notice expires. For these reasons, we affirm the administrative judge's conclusion that the agency was not in compliance with the Board's order at the time that the compliance initial decision was issued.

As a result of the changed circumstances since the compliance initial decision was issued, we clarify the agency's obligation to provide status quo ante relief to the appellant.

¶19    Following the issuance of the compliance initial decision, the agency could have restored the appellant and provided him with 60 days' notice before mandatorily separating him. During this 60-day period, the appellant could have sought from the agency head an exemption from mandatory retirement until he reached age 60, per 5 U.S.C. § 8425(b)(1).[7] Once the appellant was restored and the 60-day notice period expired, the agency could have then mandatorily retired him if the exemption request was denied, which likely would have ended the agency's obligation to provide further status quo ante relief.[8]

¶20    However, the issue of status quo ante relief is complicated by the fact that the appellant turned 60 on July 28, 2019, while the agency's petition for review was pending. CF, Tab 6 at 31. Because age 60 was the mandatory retirement age if the agency head granted an exemption request,[9] the Board lacks the authority to

---

[7] The record reflects that the appellant repeatedly asked for information about how to request such an exemption. CF, Tab 12 at 4, 22, Tab 14 at 17.

[8] The agency argues that providing the appellant with back pay and benefits beyond the end of the month in which he turned 57 would place him in a better position than if he had not retired in lieu of removal and exceeds status quo ante relief. PFR File, Tab 5 at 9-10. While the agency is correct that it is uncertain whether the appellant would have been granted an exemption from the mandatory retirement age, it was the agency's wrongful adverse action that led to the appellant's retirement prior to reaching age 57, and the agency's subsequent failure to restore the appellant and provide him with the statutorily required 60-day notice once the action was reversed that extended the period of back pay even longer. Thus, we are not persuaded by the agency's argument in this regard.

[9] Pursuant to 5 U.S.C. § 8425(e), the President, by Executive Order, may exempt an employee from automatic separation if the public interest so requires. There is

order the agency to retroactively restore the appellant and/or to provide 60 days' notice before mandatorily separating him. Nevertheless, the agency remains obligated to provide the appellant with, as nearly as possible, status quo ante relief. *Kerr*, 726 F.2d at 733. Under the circumstances of this matter—including the agency's failure to restore the appellant and to comply with the 60-day notice provision of 5 U.S.C. § 8425(b)(1) and the fact that the appellant is now over age 60—the agency can provide the appellant with meaningful status quo ante relief by (1) canceling the November 21, 2014 retirement, (2) providing the appellant with the appropriate amount of back pay, with interest, and adjusting his benefits with appropriate credits and deductions in accordance with the Office of Personnel Management's regulations for the period of November 21, 2014, through July 31, 2019, and (3) processing his mandatory retirement, effective July 31, 2019.[10]

## ORDER

¶21    We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance as described herein. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency must serve all parties with copies of its submissions.

¶22    **The agency's submission should be filed under the new docket number assigned to the compliance referral matter, SF-0752-15-0170-X-1.** All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

---

insufficient evidence that, even if the appellant made such a request, that it would have been granted under the circumstances. Therefore, we do not consider this provision in our analysis of status quo ante relief.

[10] We acknowledge that the agency has partially complied with this order because it has already cancelled the November 21, 2014 retirement and calculated back pay and related compensation, leave, and benefits based on the period between November 21, 2014, and July 31, 2016. *Supra* ¶ 4.

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶23   The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶24   The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶25   This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of

the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                     /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.